UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL HAPP,<br><br>                    Plaintiff,<br>     v.<br><br>RENO DISPOSAL CO., a Nevada Corporation, and WASTE MANAGEMENT OF NEVADA, INC., a Nevada Corporation,<br><br>                    Defendants. | Case No. 3:13-cv-00467-MMD-WGC<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 12) |

## I.   SUMMARY

Before the Court is Defendants Reno Disposal Co. and Waste Management of Nevada, Inc.'s Motion to Dismiss (the "Motion"). (Dkt. no. 12.) For the reasons set out below, the Motion is granted.

## II.   BACKGROUND

Plaintiff Karl Happ filed the Complaint in district court in the State of Nevada, Washoe County, and Defendants removed to this Court on August 30, 2013. (Dkt. no. 1.)

The Complaint alleges the following. Plaintiff was employed by one or both of the Defendants.[1] The Complaint does not identify or describe Plaintiff's position or duties. Plaintiff was approved for intermittent leave under the Family and Medical Leave Act

---

[1] Plaintiff brings his action against "Defendant," a term which is not defined in the Complaint, but the Complaint names two corporate entities as Defendants. (*See* dkt. no. 1, Exh. 1.)

("FMLA") for the period of May 31, 2011, through November 30, 2011. (Dkt. no. 1, Exh. 1 at 1.) Plaintiff was contacted at home by his supervisor while on approved FMLA leave and asked why he was not at work. (*Id.*) He also faced added scrutiny when he returned from his FMLA leave. (*Id.*) Plaintiff was terminated on January 18, 2012, for violating "a rule prohibiting driving more than a quarter of a mile between stops in the stand-up right side drive position." (*Id.*) Plaintiff asserts that he "did not drive in excess of a quarter of a mile between stops, and Defendant knew it." (*Id.* at 2.)

The Complaint states that "Plaintiff sues Defendant for wrongful termination arising out of his employment in Reno, Nevada with Defendant." (*Id.* at 1.) It also states that "Defendant utilized Plaintiff's intermittent FMLA leave as a negative factor in the decision to terminate him." (*Id.* at 2.) The Complaint does not cite to any statutory provisions or clearly identify any specific causes of action.

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 12.) Plaintiff filed an opposition (dkt. no. 23) and Defendants filed a reply in further support of the Motion (dkt. no. 24).

## III.     DISCUSSION

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.    Analysis**

Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Rule 8 and the Complaint is therefore dismissed.

It is difficult to discern Plaintiff's legal theory from the language in the Complaint. While the Complaint alleges facts indicating that Plaintiff's termination was unwarranted, and that his FMLA leave may have been a factor in his termination, the Complaint does not explicitly assert the FMLA or any of its provisions as a legal basis for its claim. It

does not indicate whether Plaintiff is pursuing his claim under Nevada's common law or pursuant to a state or federal statute. The Complaint merely states that Plaintiff is suing for "wrongful termination". (*See* dkt. no. 1, Exh. 1 at 1.) Defendants, in the Motion, read the Complaint as asserting a Nevada common law claim for tortious discharge arising from Defendants' violation of FMLA public policy. (Dkt. no. 12 at 10-11.) Based on that reading, the Motion argues that Plaintiff's tortious discharge claim is preempted by federal law. (*Id.* at 4-10.) In his opposition, however, Plaintiff insists that the Complaint makes no such claim, acknowledging that "Plaintiff probably could not premise a tortious discharge claim under Nevada law based upon violations of the FMLA because the FMLA is the exclusive remedy intended by Congress." (Dkt. no. 23 at 2.) Instead, Plaintiff's opposition characterizes the Complaint as actually asserting a claim for FMLA interference pursuant to 29 U.S.C. § 2615(a)(1). (*Id.* at 1.) While the Complaint contains some factual allegations to support that claim, Defendants rightfully point out that the Complaint does not cite to 29 U.S.C. § 2615(a)(1) or use the word "interference" in its allegations. (Dkt. no. 24 at 1.)

The parties thus have different understandings of the legal theory Plaintiff plead in support of his sole claim for relief. The Rule 8(a) notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). The Court cannot identify the legal theory at issue in this case because the Complaint and its allegations are vague and unsatisfactory. The Complaint merely provides some general factual allegations, a request for damages and injunctive relief, and a vague reference to "wrongful termination" being the cause of action. The Complaint fails to provide the required notice and is dismissed.

Defendants argue that, whether Plaintiff is asserting a claim for tortious discharge or interference pursuant to 29 U.S.C. § 2615(a)(1), the Complaint should be dismissed with prejudice because it is preempted and was filed after the period allowed by the

///

applicable statute of limitations. (Dkt. no. 24 at 1.) The Complaint is far too deficient for the Court to address Defendants' arguments at this stage.

Plaintiff has not had an opportunity to file an amended complaint and there appears to be some basis for an FMLA interference claim in this case. Therefore, in an effort to move the proceedings along, and good cause appearing, Plaintiff will be granted leave to file an amended complaint. This will not prejudice Defendants as their arguments have been briefed and can be used again in the event Plaintiff's amended complaint asserts a tortious discharge claim or a claim pursuant to FMLA's provisions.

## IV.     CONCLUSION

It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 12) is granted. The Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within fifteen (15) days. Failure to file an amended complaint will result in dismissal with prejudice.

DATED THIS 26th day of August 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE