UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KARL HAPP, | ) | 3:13-cv-00467-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | February 5, 2015 |
| | ) | |
| RENO DISPOSAL CO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u> Julie Cavanaugh-Bill, Esq. (Telephonically)       </u>

COUNSEL FOR DEFENDANTS:  <u> Morgan Forsey, Esq. (Telephonically)         </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:59 a.m.  Court convenes.

The court convenes to address the "Unopposed Emergency Motion to Stay Discovery and Motion Deadlines Pending the Court's Ruling on Defendants' Motion to Dismiss Pursuant to LR 7-5, FRCP Rules 16 and 26" (Doc. # 63).

According to the parties, preliminary discovery has been completed and there is no additional discovery to conduct relative to the Motion to Dismiss (Doc. # 52).  The court and parties have discussion regarding what discovery remains outstanding.  Counsel submit that before embarking on completion of discovery (e.g., depositions, some of which would be out of state), which would be expensive to the parties, awaiting resolution of the Defendants' motion to dismiss is appropriate.

The court explains that the pendency of a motion to dismiss is typically not considered sufficient grounds in and of itself to warrant a stay of discovery.  One of the standards for implementing a stay is that the court is "convinced," or at least highly persuaded, that the motion to dismiss will be granted.  The court advises counsel that after evaluating the underlying motion to dismiss, it is likely the motion will be dispositive as to the state tortious discharge claims. However, the court is not necessarily convinced the motion to dismiss, as it pertains to the collective bargaining agreement/exclusive remedy, will be granted.

1

Minutes of Proceedings
3:13-cv-00467-MMD-WGC
February 5, 2015

      The court recognizes when evaluating the propriety of a motion to stay discovery while a dispositive motion is pending, the court is also to consider Fed. R. Civ. P. 1, which provides for the just, speedy, and inexpensive determination of every action and proceeding. Taking into consideration Fed. R. Civ. P. 1 and counsels' arguments regarding a discovery stay, the court determines deferring discovery is warranted for a limited amount of time. Therefore, the unopposed emergency motion to stay discovery (Doc. # 63) is **GRANTED in part**. Discovery is hereby **STAYED** until further order of this court. Furthermore, all deadlines contained in the Scheduling Order (Doc. # 59) are **VACATED** until further order of this court.

      The court schedules a status conference for **Tuesday, April 21, 2015, at 10:00 a.m.** The court will readdress the discovery stay at that time. Counsel are directed to contact the courtroom deputy should the Defendants' motion to dismiss be resolved prior to the next status conference so the conference can be reschedule to an accelerated date and time. The court explains to counsel it will likely lift the stay of discovery and set forth discovery deadlines 120 days from either the adverse disposition of Defendants' motion to dismiss or the date of the next status conference, which ever may occur first.

IT IS SO ORDERED.

10:34 a.m.  Court adjourns.

                                       LANCE S. WILSON, CLERK

                                       By: _____/s/_____
                                           Katie Lynn Ogden, Deputy Clerk