UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KARL P. HAPP, | ) | 3:13-cv-00467-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | June 10, 2015 |
| | ) | |
| RENO DISPOSAL CO., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>      REPORTER:        <u>FTR</u>

COUNSEL FOR PLAINTIFF:   <u>Karl P. Happ, Pro Se (Telephonically)</u>

COUNSEL FOR DEFENDANTS:   <u>Elia M. DeLuca, Esq. (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:01 a.m.  Court convenes.

The court convenes to address the parties' "Unopposed Emergency Motion to Stay Discovery and Motion Deadlines Pending the Court's Ruling on Defendants' Motion to Dismiss Pursuant to LR 7-5, FRCP Rules 16 and 26" (Doc. # 69).

The court discusses with Plaintiff and Defendants' counsel the rationale for a discovery stay. Plaintiff, now proceeding *pro se*, indicates that certain written discovery responses are ready to be produced to the Defendants; however, Plaintiff explains this has not occurred in light of the recent withdrawal of his attorney (Doc. # 73).  Plaintiff, who now resides in the Seattle area, has been unsuccessful searching for replacement counsel.   Plaintiff expresses no objection to the request for stay of discovery at this time, as he states it would be difficult and expensive for him to participate in discovery.

Counsel for Defendants states that Defendants' Motion to Dismiss (Doc. # 52) remains outstanding.  Counsel argues the nature and scope of any additional discovery which might have to be undertaken would be difficult to frame at this time because the decision as to the motion to dismiss will likely impact the scope of the case.  Counsel contends that the amended complaint (Doc. # 49) which was filed after the court granted the Defendants' initial motion to dismiss (Doc. # 12)

1

Minutes of Proceedings
3:13-cv-00467-MMD-WGC
June 10, 2015

is subject to the same infirmities as the initial complaint and in counsel's viewpoint, will likely be granted.

      Counsel states the parties have engaged in the less expensive discovery but any additional discovery will likely involve widespread medical discovery, retention of expert witnesses, etc. Counsel seeks to defer this discovery until after the ruling on the pending motion to dismiss has been entered.

      Despite the somewhat convincing arguments made by Plaintiff and counsel, the court does not find there are sufficient grounds to stay discovery in its entirety. Nevertheless, the court extends the discovery deadlines to allow the parties the opportunity to delay undertaking any expensive discovery, if they so choose.

      The court revises the deadlines as follows:

            <u>Discovery Cut-Off</u>: Monday, November 30, 2015;

            <u>Expert Witness Disclosure</u>: Wednesday, September 30, 2015;

            <u>Rebuttal Expert Witness Disclosure</u>: Friday, October 30, 2015;

            <u>Dispositive Motions</u>: Wednesday, December 30, 2015;

            <u>Joint Pretrial Order</u>: Friday, January 29, 2016 - unless, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

      The court clarifies for the record that the revised dates apply to all discovery, including discovery that has already been served.

      Therefore, the parties' "Unopposed Emergency Motion to Stay Discovery and Motion Deadlines Pending the Court's Ruling on Defendants' Motion to Dismiss Pursuant to LR 7-5, FRCP Rules 16 and 26" (Doc. # 69) is **DENIED**.

**IT IS SO ORDERED.**

10:18 a.m.  Court adjourns.                            LANCE S. WILSON, CLERK

                                                          By:         /s/
                                                             Katie Lynn Ogden, Deputy Clerk