1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9    KARL HAPP,                              Case No. 3:13-cv-00467-MMD-WGC

10                             Plaintiff,
11        v.                                              ORDER

12   RENO DISPOSAL CO., a Nevada         (Def's Motion to Dismiss First Amended
     Corporation, and WASTE MANAGEMENT        Complaint – dkt. no. 52)
     OF NEVADA, INC., a Nevada Corporation,
13
                             Defendants.
14

15   **I.    SUMMARY**

16        On August 26, 2014, this Court granted Defendants' motion to dismiss with leave

17   to amend. (Dkt. no. 48.) Plaintiff then filed his First Amended Complaint ("FAC"). (Dkt.

18   no. 49.)  Defendants now move to dismiss the FAC (the "Motion"). (Dkt. no. 52.) For the

19   reasons set out below, the Motion is granted in part and denied in part.

20   **II.   BACKGROUND**

21        This is an employment dispute. The FAC alleges the following. Plaintiff was

22   employed by one of the Defendants.[1] Plaintiff worked for "Defendant" on garbage

23   retrieval routes. (Dkt. no. 49.) Plaintiff used intermittent leave under the Family and

24

25        [1]As in the Complaint, Plaintiff brings his action against "Defendant," a term that is
     not defined in the FAC. (*See* dkt. no. 49.) The FAC names two corporate entities, Reno
26   Disposal Co. and Waste Management of Nevada, Inc., as defendants, but the factual
     allegations only relate to Plaintiff's employer, which is presumably one of the two named
27   Defendants. This deficiency was pointed out in the Court's order dismissing the
     Complaint and it was not remedied. However, Defendants do not raise this issue and
28   state that Plaintiff's employer is a subsidiary of its co-defendant. (Dkt. no. 52 at 3.)

Medical Leave Act ("FMLA") for the period of May 31, 2011, through November 30, 2011. (*Id.*) A supervisory employee questioned whether Plaintiff's leave had been approved and contacted Plaintiff at home while Plaintiff was on FMLA leave to ask why Plaintiff was not at work. (*Id.*) After utilizing his leave, Plaintiff faced added scrutiny at work. (*Id.*) Plaintiff was terminated on January 18, 2012, for violating "a rule prohibiting driving more than a quarter of a mile between stops in the stand-up right side drive position." (*Id.*) Plaintiff asserts that he "did not drive in excess of a quarter of a mile between stops, and Defendant knew it." (*Id.*) Plaintiff further asserts that Plaintiff's intermittent leave was used as a negative factor in the decision to terminate him and that the date of termination was close in time to the date on which he returned from his FMLA leave. (*Id.*)

The FAC asserts two claims for relief. (*Id.*) The first claim for relief alleges Defendant interfered with Plaintiff's FMLA leave and terminated him in retaliation for taking FMLA leave. The second claim for relief alleges tortious discharge. (*Id.*)

Defendants move to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 52.) Plaintiff filed an opposition (dkt. no. 55) and Defendants filed a reply in further support of the Motion (dkt. no. 56).

## III.    DISCUSSION

### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.    Analysis**

Defendants argue that Plaintiff's claims are preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which states that suits for violation of a collective bargaining agreement ("CBA") may be brought in federal district court. (Dkt. no. 52 at 5.) Defendants assert that, because his claims are preempted, Plaintiff's only remedy lies with the CBA, which requires Plaintiff to have

1  pleaded timely exhaustion of the CBA's grievance procedure. (*Id.* at 8.) Defendants

2  further contend that Plaintiff fails to state a claim with respect to his second claim for

3  tortious discharge. (*Id.* at 15.)

4  **1.    Family Medical Leave Act**

5  Section 301 of the LMRA preempts a state-law claim "if the resolution of [that]

6  claim depends upon the meaning of a collective-bargaining agreement." *Detabali v. St.*

7  *Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Lingle v. Norge Div. of Magic*

8  *Chef, Inc.*, 486 U.S. 399, 405–06 (1988)). However, "as long as the state-law claim can

9  be resolved without interpreting the agreement itself, the claim is 'independent' of the

10  agreement for § 301 pre-emption purposes." *Lingle*, 486 U.S. at 410.

11  Section 301 preempts state-law claims and does not apply to Plaintiff's claims

12  under the FMLA. Indeed, Defendants do not offer any authority to support their

13  contention that the preemption doctrine applies to preempt a federal claim based on

14  violation of the FMLA. The major Supreme Court decisions interpreting and applying

15  Section 301 preemption have only done so with regard to state law claims. *See Lingle*,

16  486 U.S. at 413 ("In sum, we hold that an *application of state law is pre-empted* by § 301

17  of the Labor Management Relations Act of 1947 only if such application requires the

18  interpretation of a collective-bargaining agreement.") (emphasis added); *Allis-Chalmers*

19  *Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("We do hold that when resolution of a *state-*

20  *law claim* is substantially dependent upon analysis of the terms of an agreement made

21  between the parties in a labor contract, that claim must either be treated as a § 301

22  claim, or dismissed as pre-empted by federal labor-contract law.) (Emphasis added and

23  internal citation omitted.) The very purpose of Section 301's broad preemption is to

24  ensure that "doctrines of federal labor law uniformly . . . prevail over inconsistent local

25  rules." *Allis-Chambers*, 471 U.S. at 209-10 (quoting *Teamsters v. Lucas Flour Co.*, 369

26  U.S. 95, 103 (1962)). Generally speaking, the "touchstone of preemption is the presence

27  of a state law claim." *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999).

28  Indeed, Congress's very preemption power comes from the Supremacy Clause.

*Saridakis*, 166 F.3d at 1276 (citing *Allis-Chambers*, 471 U.S. at 208). Plaintiff's ability to pursue an action in federal court pursuant to federal law does not present a Supremacy Clause issue. Plaintiff's rights under the FMLA are defined by federal law and not by state law or the terms of an agreement. Therefore, the preemption doctrine does not apply.

Defendants have presented no controlling authority from which this Court can conclude that Section 301 of the LMRA preempts claims under the FMLA. The Court determines that Plaintiff's claims under the FMLA are not preempted.

### 2.      Tortious Discharge

As to Plaintiff's tortious discharge claim, Defendants argue that Plaintiff may not assert a claim for tortious discharge based on the public policy of the FMLA. (Dkt. no. 52 at 12-13.) The Court agrees.[2]

"An employer commits a tortious discharge by terminating an employee for reasons [that] violate public policy." *D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991). "[P]ublic policy tortious discharge actions are severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) (emphasis added). Some examples of these cases include: "the discharge of an employee for seeking industrial insurance benefits, for performing jury duty, for refusing to work under unreasonably dangerous conditions, or for refusing to violate the law." *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 910 (D. Nev. 1993).

The FAC asserts that the important public policy at issue is Plaintiff's protected leave under the FMLA. (Dkt. no. 49 at 4.) Even if this Court were to accept that the FMLA provides a strong and compelling public policy, the Supreme Court of Nevada has made it clear that "it will not recognize a claim for tortious discharge when an adequate statutory remedy already exists, as it would be unfair to a defendant to allow additional

---

[2]As Plaintiff's tortious discharge claim is plainly deficient, the Court need not assess the effects of preemption on the claim.

1   tort remedies under such circumstances." *Ozawa v. Vision Arilines, Inc.*, 216 P.3d 788,

2   791 (Nev. 2009) (citing *D'Angelo*, 819 P.2d at 217).

3           The FMLA allows employees to bring a civil action to recover equitable relief such

4   as reinstatement and promotion, and damages equal to lost wages, benefits, and

5   compensation, plus interest and additional liquidated damages in an amount equal to the

6   same. *See* 29 U.S.C. § 2617. It also allows a plaintiff to recover attorney's fee, expert

7   witness fees, and costs. *Id.* Plaintiff argues that § 2617 of the FMLA is not

8   comprehensive enough because it does not allow for recovery for emotional distress.

9   (Dkt. no. 55 at 4.) However, the Supreme Court of Nevada has not stated that the

10  relevant recovery statute must provide all of the tort remedies available in a tortious

11  discharge claim. In *Shoen v. Amerco, Inc.*, 896 P.2d 469 (Nev. 1995), the court

12  considered only whether the relevant statute "provides for the same amount of tort-type

13  damages received by the plaintiff in *Valgardson*," which the Supreme Court of Nevada

14  found to be sufficient. *Shoen*, 896 P.2d at 475. Section 2617 of the FMLA is at least as

15  comprehensive as statutory schemes in *Shoen* and *Valgardson*. *See Shoen*, 896 P.2d at

16  475 (Nev. 1995) (affirming summary judgment on tortious discharge claim where

17  relevant statute provided "for reinstatement, recovery of lost wages and benefits,

18  recovery of attorney's fees, and recovery of '[d]amages equal to the amount of the lost

19  wages and benefits.'") (internal citation omitted); *Valgardson*, 777 P.2d at 900 (refusing

20  to recognize claim for tortious discharge where plaintiffs were entitled to recover lost

21  wages and benefits, plus liquidated damages in the same amount).[3]

22          The Court is satisfied that the FMLA is at least as comprehensive as the statutes

23  in *Valgardson* and *Shoen*. Plaintiff's tortious discharge claim may therefore not be

24  maintained.

25          [3]Conversely, in *D'Angelo*, the Supreme Court of Nevada found that plaintiff was
26  entitled to pursue a tortious discharge claim because the relevant statutes did not
    provide a private right of action to recover damages. *D'Angelo*, 819 P.2d at 217-18.
27  Rather, it only allowed the administrator of the division of occupational safety and health
    to bring an action for reinstatement and past wages. *Id.* In this case, Plaintiff is permitted
28  to pursue a private cause of action for damages under the FMLA.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is hereby ordered that Defendants' motion to dismiss first amended complaint (dkt. no. 52) is granted in part and denied in part. The FAC's tortious discharge claim is dismissed with prejudice. The Motion is denied as to Plaintiff's FMLA claim.

DATED THIS 10th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE